**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MILLENNIUM MARKETING GROUP, LTD., ORIN S. JOHNSON, GARY A. JONES and AM-RAD, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | No.  08 C 2792 |
| v. | ) ) | The Honorable Joan H. Lefkow |
| SAMUEL B. ROSS, II, | ) ) | Magistrate Nan R. Nolan |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 USC § 1404**

Plaintiffs, MILLENNIUM MARKETING GROUP, LTD., ORIN S. JOHNSON, GARY A. JONES and AM-RAD, INC., by their attorneys, hereby move this Court, pursuant to 28 U.S.C.A. §1404, for the entry of an Order transferring this cause to the United States District Court for the Southern District of West Virginia, where an action involving the same parties, claims and subject matter is currently pending.

In support hereof, it is stated as follows:

1.      This action was filed on May 14, 2008.  A copy of the plaintiff's Complaint is attached hereto as Exhibit "A."

2.      On the same date, another action involving the identical parties and claims as are stated in this action was filed by the plaintiffs in the United States District Court for the Southern District of West Virginia.  The plaintiffs filed two (2) such actions in separate jurisdictions by

-1-

reason of procedural and jurisdictional concerns, and the possible differing application of the Statute of Limitations depending on where the claims were filed. A copy of the Complaint filed in the West Virginia action is attached hereto as Exhibit "B."

3.    Samuel B. Ross, II, the defendant in each of the actions, has appeared and filed an Answer in the West Virginia action. Additionally, a scheduling order for Rule 12(b) motions, Rule 26(f) meetings and filings, and for a case management conference with the Magistrate assigned to the case, has been entered in the West Virginia action.

4.    As evidenced by the proceedings now pending in West Virginia, this action could have been and was properly brought there in the first instance, and such Court has jurisdiction over the parties and claims stated by the plaintiffs' action. Additionally, the defendant, Samuel B. Ross, II, who will be a witness in this action, maintains a residence in the State of West Virginia. Accordingly, the transfer of this cause as is herein requested will serve the convenience of the parties and the witnesses, and promote the interest of justice.

5.    By reason of the foregoing, the plaintiffs move this Court, to transfer this cause to the District Court for the Southern District of West Virginia. Following such transfer, Plaintiffs will request that this action be consolidated into the action there pending in West Virginia.

6.    Plaintiffs' counsel has conferred with Defendant's counsel and Defendant, through his counsel, does not object to the transfer of this case to the District Court for the Southern District of West Virginia.

7.    For the foregoing reasons, it is respectfully requested that this action be transferred to the United States District Court for the Southern District of West Virginia.

CC 2016455v1

Respectfully Submitted,

**JOLIVETTE & TEMPLER, P.C.**


/s/     Lawrence M. Templer
Lawrence M. Templer
No. 2807874
10 South La Salle Street - Suite 1017
Chicago, IL 60603
Ofc:    (312) 419-8800
Fax:    (312) 419-0705
E-Mail: templerlm@aol.com


AND:


**LATHROP & GAGE L.C.**

Leonard Rose, MO #18108
(Pro Hac Vice Motion to have been filed)
Jed D. Reeg, MO #47542
(Pro Hac Vice Motion to have been filed)
Amy Loth Allen, MO #52223
(Pro Hac Vice Motion to have been filed)
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108
Ofc:    (816) 292-2000
Fax:    (816) 292-2001


**ATTORNEYS FOR PLAINTIFFS.**

CC 2016455v1

**EXHIBIT "A"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

MILLENNIUM MARKETING )
GROUP, LTD., ORIN S. JOHNSON, )
GARY A. JONES, and AM-RAD, INC., )
) Case No. 08C 2792
Plaintiffs, )
)
) JURY TRIAL DEMANDED
vs. )
) JUDGE JOAN H. LEFKOW
SAMUEL B. ROSS, II )
Serve at: ) MAGISTRATE JUDGE NOLAN
4600 1st Avenue )
Vienna, WV 62105-1839 )
) RECEIVED
Defendant. )

**COMPLAINT**

MAY 1 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COME NOW Plaintiffs, by and through their counsel, file for this Complaint against Defendant Samuel B. Ross, II ("Ross") state and allege as follows:

### PARTIES

1.      Plaintiff Millennium Marketing Group, Ltd. ("Millennium") is a Kansas corporation having its principal place of business in Overland Park, Kansas. Millennium is the marketing agent for Am-Rad, Inc. and certain related entities and individuals, including but not limited to, Gary Jones and Orin Johnson.

2.      Plaintiff Orin S. Johnson ("Johnson") is an individual and resident of the State of Minnesota.

3.      Plaintiff Gary A. Jones ("Jones") is an individual and resident of the State of Minnesota.

4.      Plaintiff Am-Rad, Inc. ("Am-Rad") is a Minnesota corporation having its principal place of business in Overland Park, Kansas.

1

5.      Defendant Ross is an individual and resident of the State of West Virginia. Ross can be served at 4600 1st Avenue, Vienna, West Virginia, 26105-1839.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, insofar as there is complete diversity between all Plaintiffs and the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court has specific personal jurisdiction over the Defendant in this matter because he transacted business in the State of Illinois, committed a tortious act in the State of Illinois, made and/or performed a contract substantially connected to the State of Illinois, and breached a fiduciary duty within the State of Illinois.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## ALLEGATIONS COMMON TO ALL COUNTS

8.      In 1995, Jones and Johnson started developing a flash-free radiant heat welding process.  On January 5, 1999, Jones and Johnson, as the named inventors, received U.S. Patent No. 5,855,720 ("the '720 Patent") entitled "Clamping Head for Use in Joining Plastic Extrusions and Method Thereof."

9.      On May 11, 1999, Jones and Johnson, as the named inventors, received U.S. Patent No. 5,902,447 ("the '447 Patent") entitled "Deflashing Head and Method for Joining Plastic Extrusions."

10.     Jones and Johnson assigned ownership of the '720 Patent and the '447 Patent to Am-Rad.  (The '720 Patent and the '447 Patent are hereinafter collectively referred to as the "Am-Rad Flash-Free Thermoplastic Welding System").

2

11.     The Am-Rad Flash-Free Thermoplastic Welding System involves bringing the pieces of a corner of a thermoplastic window frame insert together at ninety (90) degrees so they can be welded together at the corner.

12.     In 2004, Millennium Marketing ("Millennium"), the marketing agent for Jones, Johnson, and Am-Rad began discussions with Simonton Building Products, Inc. and Simonton Holdings, Inc. (hereinafter collectively referred to as "Simonton"), a window manufacturer in the fenestration industry, for purposes of seeking licensing protection, marketing consultation, and/or procurement of venture capital for the Am-Rad Flash-Free Thermal Plastic Welding System.

13.     At the time of these discussions, Simonton was owned and controlled by Defendant Ross.

14.     On April 8, 2004, Millennium Marketing, as marketing agent for Jones, Johnson, and Am-Rad, entered into a "Non-Disclosure and Non-Use Agreement" through Ross with Simonton Building Products, Inc. to protect any and all confidential and proprietary or trade secret information exchanged between the parties regarding the Am-Rad Flash-Free Thermoplastic Welding System. The parties also agreed that they would not use or employ for their own purposes in any manner whatsoever the confidential and proprietary information belonging to the other party for its own purposes.

15.     On or about November 21, 2004, Simonton Building Products, Inc. (through Ross) on the one hand, and Millennium Marketing, Jones, Johnson and Am-Rad on the other hand, entered into a License Agreement (the "License Agreement") for the license and use of the Am-Rad Flash-Free Thermoplastic Welding System. The License

3

Agreement also included the agreed upon essential terms for a future joint venture for the marketing of the Am-Rad Flash-Free Thermoplastic Welding System.

16.     Under the License Agreement, Jones and Johnson, among other things, granted an exclusive license to Simonton Building Products, Inc. to prove out the Am-Rad Flash-Free Thermoplastic Welding System, with a subsequent exclusive right to adapt the welding technology into a production process.

17.     By entering into the Licensing Agreement as well as the Non-Disclosure and Non-Use Agreement and the duties and obligations pursuant thereto, Simonton and Ross on the one hand and Millennium, Jones, Johnson and Am-Rad on the other hand, entered into a fiduciary relationship with one another.  The fiduciary relationship is evidenced by the patent license/licensee relationship, the execution on the Non-Disclosure and Non-Use Agreement, and establishment of the essential terms of a joint venture between the parties.  This fiduciary relationship is also established under the principals of common law partnership by virtue of the parties' intent and actions taken to go into business together, the close, indeed symbiotic, relationship of trust and confidence between the parties, and the efforts made, jointly, to take the steps necessary to exploit the patents and the technology.

18.     As part of the fiduciary relationship, Jones, Johnson, Am-Rad, and Millennium Marketing agreed to share confidential, proprietary and trade secret information with Simonton and Ross for the purpose of using and developing technologies which would exploit and/or enhance the Am-Rad Flash-Free Thermoplastic Welding System.

4

19.    From 2004 to present, Jones, Johnson, and Am-Rad jointly developed and tested the technologies. Jones and Johnson contributed their patented technology, in addition to fixtures, heat plates, drawings, information pertaining to the time, temperature, and distance settings for the welding process, as well as other confidential, proprietary information and know-how (hereinafter "Confidential and Trade Secret Information"). Jones and Johnson also made numerous trips to Simonton's research and development facilities in Pennsylvania and its production plants in West Virginia to help develop the technology. Jones and Johnson also provided consultation services both on the telephone and in person numerous times during the development process. During all such efforts, Simonton and Ross fostered and nurtured the feelings of trust and confidence and the notion that Jones, Johnson, Am-Rad, Simonton, and Ross were "in it together" and were partners.

20.    In sharing this Confidential and Trade Secret Information with Simonton and Ross, Jones, Johnson, Am-Rad and Millennium Marketing reposed trust and confidence in Simonton and Ross to help develop the technology.

21.    On December 30, 2005, without the knowledge of Jones, Johnson and Am-Rad, Ross caused Simonton to file a first U.S. Patent Application No. 11/323,563 ("the '563 Application") entitled "Method & Apparatus for Window Manufacture". This Application is still pending in the U.S. Patent and Trademark Office, and neither Jones nor Johnson is named as an inventor.

22.    On December 15, 2006, without the knowledge of Jones, Johnson and Am-Rad, Ross caused Simonton to file a second U.S. Patent Application No. 11/640,456 ("the '456 Application") entitled "Fenestration Product and Method & Apparatus for

5

Manufacture". This Application is still pending in the U.S. Patent and Trademark Office, and neither Jones nor Johnson is named as an inventor. (The '563 Application and the '456 Application are hereinafter collectively referred to as the "Simonton Patent Applications".)

23.    Pursuant to the License Agreement and the terms of the parties' joint venture, Simonton was required to contribute to the capital of the joint venture any enhancements or additional patents it may acquire as the result of placing into production products utilizing the Am-Rad Flash-Free Thermoplastic Welding System that incorporate the claims of the Am-Rad Flash-Free Thermoplastic Welding System, and improvements thereto.

24.    The Simonton Patent Applications disclose and propose claims that are enhancements or improvements to the Am-Rad Flash-Free Thermoplastic Welding System. Additionally, the Simonton Patent Applications violate the terms of the License Agreement.

25.    In 2006, Fortune Brands, Inc. ("Fortune Brands"), headquartered at 520 Lake Cook Road, Deerfield, Illinois, acquired certain Simonton entities and assets controlled by Defendant Ross. In connection with this transaction, on numerous occasions Ross traveled to Fortune Brands' headquarters in Deerfield, IL in order to facilitate the transaction.

26.    As fiduciaries to Jones, Johnson, Am-Rad, and Millennium, Simonton and Ross had a fiduciary duty to protect and not use or disclose Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information for any purpose other than to develop the Am-Rad Flash-Free Thermal Plastic Welding System and the

6

technology associated therewith. Simonton and Ross breached their fiduciary duties to Jones, Johnson, Am-Rad and Millennium, and abused their position of trust and confidence by stealing the Confidential Trade Secret Information and misappropriating it for their own personal gain. Specifically, Simonton and Ross touted the Am-Rad Flash-Free Thermal Plastic Welding System to Fortune Brands in connection with Ross' marketing of the Simonton entities and assets sold to Fortune Brands and was thereby able to negotiate a significantly higher price for the Simonton entities and/or assets than Ross would otherwise have received had he not breached his fiduciary obligations to Jones, Johnson, Am-Rad and Millennium. Many of Ross' breaches of his fiduciary obligations occurred at Fortune Brands' headquarters in Deerfield, Illnois.

27.    Jones, Johnson, and Am-Rad were constantly reassured by Simonton and Ross that any enhancements of or improvements to the Am-Rad Flash-Free Thermal Plastic Welding System were going to be placed into the joint venture between the parties pursuant to the terms of the License Agreement.

28.    Instead of forming the joint venture and placing the Simonton patent applications in said joint venture, Ross caused Simonton to secretly file applications for its own patents to the exclusion of Millennium, Jones, Johnson, Am-Rad, and the joint venture.

29.    In 2006, Simonton and Ross used Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information in order to sell certain entities and assets owned or controlled by Ross to Fortune Brands. Simonton and Ross' unlawful and improper use of Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information allowed Ross to sell those entities and assets (each owned and

7

controlled by him) to Fortune Brands for approximately $630 million – much more than Ross would have received had he not illegally and improperly used Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information.

## COUNT I – BREACH OF FIDUCIARY DUTY

30.     Plaintiffs adopt the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31.     Ross breached his fiduciary duty to Plaintiffs and abused his position of trust and confidence for his own personal gain as set forth hereinabove.

32.     As a direct and proximate result of Ross' breach of fiduciary duties, Plaintiffs have been damaged and will continue to be damaged and Ross was able to sell certain entities and assets owned and controlled by him to Fortune Brands for a price much higher than he would have received had he not breached his fiduciary obligations to Plaintiffs by illegally and improperly using Plaintiffs Confidential and Trade Secret Information in the course of the transaction.

33.     Ross' conduct was malicious, vindictive, outrageous, and are a willful and wanton invasion of Plaintiffs' rights, sufficient to impose an award of punitive damages.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

34.     Plaintiffs adopt the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35.     Ross requested that Plaintiffs provide Confidential and Trade Secret Information to him and Simonton in connection with the research, production, and development of the Am-Rad Flash-Free Thermal Plastic Welding System.  Ross and

8

Simonton also requested that Plaintiffs enter into a fiduciary relationship with him and Simonton by jointly developing and exploiting the technology.

36.     Plaintiffs supplied Confidential and Trade Secret Information to Ross and Simonton and likewise supplied their services, including their time, information, and efforts to jointly develop the technology.

37.     Fair and reasonable value for such Confidential Trade Secret Information and efforts to develop the technology exceed the present value of the cost savings to Simonton, (which Ross recognized in connection with the sale of his entities and assets to Fortune Brands) which is many millions of dollars per year for an indefinite period of time.

38.     Ross and Simonton appreciated, acknowledged, and accepted the benefits of Confidential and Trade Secret Information received from Plaintiffs and the efforts of Plaintiffs to develop the technology, and then stole the information, breached their fiduciary duties, filed for their own patents exploiting the very same welding system, including enhancements and/or improvements thereto, and used the technology in order to sell Ross' entities and/or assets to Fortune Brands for a significantly increased price.

39.     The benefits Plaintiffs conferred upon Ross and Simonton were not gratuitous.  It would be inequitable to allow Ross to retain the benefits conferred upon him and Simonton by Plaintiffs without paying Plaintiffs the fair value thereof.

40.     Ross has been unjustly enriched in the amount of the fair and reasonable value of the benefits given to or accepted by him, including but not limited to Plaintiffs' Confidential and Trade Secret Information, Plaintiffs' services and efforts to develop the

9

technology, the technology itself, and the increased value Ross received in the sale of his

entities and assets to Fortune Brands on account of this technology.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief from this Court:

A.    A judgment in their favor and against Defendant on all Counts;

B.    An award of their damages in an amount to be proven at trial together with

interest at the maximum legal rate.  Such damages shall include, among other things the

disgorgement of any profits received by Ross with regard to the sale of certain entities

and assets owned or controlled by him to Fortune Brands as a result of his improper and

illegal use of Jones', Johnson's, Am-Rad's, and Millennium's confidential and trade secret

information;

C.    An award of punitive damages against Defendant on Count I of Plaintiffs'

Complaint;

D.    An award of pre-judgment interest; and

E.    Such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

To the extent available, Plaintiffs demand a jury trial on all claims so triable.

10

Respectfully submitted,

JOLIVETTE & TEMPLER P.C.

By: *Lawrence M. Templer*
    Lawrence M. Templer, 2807874
    10 S. LaSalle St., Ste. 1017
    Chicago, IL  60603
    (312) 419-8800 telephone
    (312) 419-0705 facsimile
    templerlm@aol.com

AND

LATHROP & GAGE L.C.

    Leonard Rose, MO #18108
    (Pro Hac Vice Motion to be filed)
    Jed D. Reeg, MO # 47542
    (Pro Hac Vice Motion to be filed)
    Amy Loth Allen, MO #52223
    (Pro Hac Vice Motion to be filed)
    2345 Grand Blvd., Ste. 2800
    Kansas City, MO  64108
    (816) 292-2000 telephone
    (816) 292-2001 facsimile

ATTORNEYS FOR PLAINTIFFS

11

**EXHIBIT "B"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT _____

| | |
|---|---|
| MILLENNIUM MARKETING ) <br> GROUP, LTD., ORIN S. JOHNSON, ) <br> GARY A. JONES, and AM-RAD, INC., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> SAMUEL B. ROSS, II ) <br>    Serve at: ) <br>    4600 1st Avenue ) <br>    Vienna, WV 62105-1839 ) <br> ) <br> **Defendant.** ) | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

COME NOW Plaintiffs, by and through their counsel, and for their Complaint against Defendant Samuel B. Ross, II ("Ross") state and allege as follows:

### PARTIES

1.  Plaintiff Millennium Marketing Group, Ltd. ("Millennium") is a Kansas corporation having its principal place of business in Overland Park, Kansas. Millennium is the marketing agent for Am-Rad, Inc. and certain related entities and individuals, including but not limited to, Gary Jones and Orin Johnson.

2.  Plaintiff Orin S. Johnson ("Johnson") is an individual and resident of the State of Minnesota.

3.  Plaintiff Gary A. Jones ("Jones") is an individual and resident of the State of Minnesota.

1

4.     Plaintiff Am-Rad, Inc. ("Am-Rad") is a Minnesota corporation having its principal place of business in Overland Park, Kansas.

5.     Defendant Ross is an individual and resident of the State of West Virginia. Ross can be served at 4600 1st Avenue, Vienna, West Virginia, 26105-1839.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, insofar as there is complete diversity between all Plaintiffs and the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has specific personal jurisdiction over the Defendant in this matter because he transacted business in the State of West Virginia, committed a tortious act in the State of West Virginia, made and/or performed a contract substantially connected to the State of West Virginia, and breached a fiduciary duty within the State of West Virginia.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) (2) and (3).

## ALLEGATIONS COMMON TO ALL COUNTS

8.     In 1995, Jones and Johnson started developing a flash-free radiant heat welding process. On January 5, 1999, Jones and Johnson, as the named inventors, received U.S. Patent No. 5,855,720 ("the '720 Patent") entitled "Clamping Head for Use in Joining Plastic Extrusions and Method Thereof."

9.     On May 11, 1999, Jones and Johnson, as the named inventors, received U.S. Patent No. 5,902,447 ("the '447 Patent") entitled "Deflashing Head and Method for Joining Plastic Extrusions."

2

10.    Jones and Johnson assigned ownership of the '720 Patent and the '447 Patent to Am-Rad. (The '720 Patent and the '447 Patent are hereinafter collectively referred to as the "Am-Rad Flash-Free Thermoplastic Welding System").

11.    The Am-Rad Flash-Free Thermoplastic Welding System involves bringing the pieces of a corner of a thermoplastic window frame insert together at ninety (90) degrees so they can be welded together at the corner.

12.    In 2004, Millennium Marketing ("Millennium"), the marketing agent for Jones, Johnson, and Am-Rad began discussions with Simonton Building Products, Inc. and Simonton Holdings, Inc. (hereinafter collectively referred to as "Simonton"), a window manufacturer in the fenestration industry, for purposes of seeking licensing protection, marketing consultation, and/or procurement of venture capital for the Am-Rad Flash-Free Thermal Plastic Welding System.

13.    At the time of these discussions, Simonton was owned and controlled by Defendant Ross.

14.    On April 8, 2004, Millennium Marketing, as marketing agent for Jones, Johnson, and Am-Rad, entered into a "Non-Disclosure and Non-Use Agreement" through Ross with Simonton Building Products, Inc. to protect any and all confidential and proprietary or trade secret information exchanged between the parties regarding the Am-Rad Flash-Free Thermoplastic Welding System. The parties also agreed that they would not use or employ for their own purposes in any manner whatsoever the confidential and proprietary information belonging to the other party for its own purposes.

15.    On or about November 21, 2004, Simonton Building Products, Inc. (through Ross) on the one hand, and Millennium Marketing, Jones, Johnson and Am-Rad

3

on the other hand, entered into a License Agreement (the "License Agreement") for the license and use of the Am-Rad Flash-Free Thermoplastic Welding System. The License Agreement also included the agreed upon essential terms for a future joint venture for the marketing of the Am-Rad Flash-Free Thermoplastic Welding System.

16.    Under the License Agreement, Jones and Johnson, among other things, granted an exclusive license to Simonton Building Products, Inc. to prove out the Am-Rad Flash-Free Thermoplastic Welding System, with a subsequent exclusive right to adapt the welding technology into a production process.

17.    By entering into the Licensing Agreement as well as the Non-Disclosure and Non-Use Agreement and the duties and obligations pursuant thereto, Simonton and Ross on the one hand and Millennium, Jones, Johnson and Am-Rad on the other hand, entered into a fiduciary relationship with one another. The fiduciary relationship is evidenced by the patent license/licensee relationship, the execution on the Non-Disclosure and Non-Use Agreement, and establishment of the essential terms of a joint venture between the parties. This fiduciary relationship is also established under the principals of common law partnership by virtue of the parties' intent and actions taken to go into business together, the close, indeed symbiotic, relationship of trust and confidence between the parties, and the efforts made, jointly, to take the steps necessary to exploit the patents and the technology.

18.    As part of the fiduciary relationship, Jones, Johnson, Am-Rad, and Millennium Marketing agreed to share confidential, proprietary and trade secret information with Simonton and Ross for the purpose of using and developing

4

technologies which would exploit and/or enhance the Am-Rad Flash-Free Thermoplastic Welding System.

19.     From 2004 to present, Jones, Johnson, and Am-Rad jointly developed and tested the technologies. Jones and Johnson contributed their patented technology, in addition to fixtures, heat plates, drawings, information pertaining to the time, temperature, and distance settings for the welding process, as well as other confidential, proprietary information and know-how (hereinafter "Confidential and Trade Secret Information"). Jones and Johnson also made numerous trips to Simonton's research and development facilities in Pennsylvania and its production plants in West Virginia to help develop the technology. Jones and Johnson also provided consultation services both on the telephone and in person numerous times during the development process. During all such efforts, Simonton and Ross fostered and nurtured the feelings of trust and confidence and the notion that Jones, Johnson, Am-Rad, Simonton, and Ross were "in it together" and were partners.

20.     In sharing this Confidential and Trade Secret Information with Simonton and Ross, Jones, Johnson, Am-Rad and Millennium Marketing reposed trust and confidence in Simonton and Ross to help develop the technology.

21.     On December 30, 2005, without the knowledge of Jones, Johnson and Am-Rad, Ross caused Simonton to file a first U.S. Patent Application No. 11/323,563 ("the '563 Application") entitled "Method & Apparatus for Window Manufacture". This Application is still pending in the U.S. Patent and Trademark Office, and neither Jones nor Johnson is named as an inventor.

5

CC 2006352v1

22.     On December 15, 2006, without the knowledge of Jones, Johnson and Am-Rad, Ross caused Simonton to file a second U.S. Patent Application No. 11/640,456 ("the '456 Application") entitled "Fenestration Product and Method & Apparatus for Manufacture". This Application is still pending in the U.S. Patent and Trademark Office, and neither Jones nor Johnson is named as an inventor. (The '563 Application and the '456 Application are hereinafter collectively referred to as the "Simonton Patent Applications".)

23.     Pursuant to the License Agreement and the terms of the parties' joint venture, Simonton was required to contribute to the capital of the joint venture any enhancements or additional patents it may acquire as the result of placing into production products utilizing the Am-Rad Flash-Free Thermoplastic Welding System that incorporate the claims of the Am-Rad Flash-Free Thermoplastic Welding System, and improvements thereto.

24.     The Simonton Patent Applications disclose and propose claims that are enhancements or improvements to the Am-Rad Flash-Free Thermoplastic Welding System. Additionally, the Simonton Patent Applications violate the terms of the License Agreement.

25.     In 2006, Fortune Brands, Inc. ("Fortune Brands"), headquartered at 520 Lake Cook Road, Deerfield, Illinois, acquired certain Simonton entities and assets controlled by Defendant Ross. In connection with this transaction, on numerous occasions Ross traveled to Fortune Brands' headquarters in Deerfield, IL in order to facilitate the transaction.

6

26.    As fiduciaries to Jones, Johnson, Am-Rad, and Millennium, Simonton and Ross had a fiduciary duty to protect and not use or disclose Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information for any purpose other than to develop the Am-Rad Flash-Free Thermal Plastic Welding System and the technology associated therewith. Simonton and Ross breached their fiduciary duties to Jones, Johnson, Am-Rad and Millennium, and abused their position of trust and confidence by stealing the Confidential Trade Secret Information and misappropriating it for their own personal gain. Specifically, Simonton and Ross touted the Am-Rad Flash-Free Thermal Plastic Welding System to Fortune Brands in connection with Ross' marketing of the Simonton entities and assets sold to Fortune Brands and was thereby able to negotiate a significantly higher price for the Simonton entities and/or assets than Ross would otherwise have received had he not breached his fiduciary obligations to Jones, Johnson, Am-Rad and Millennium. Many of Ross' breaches of his fiduciary obligations occurred at Fortune Brands' headquarters in Deerfield, Illnois.

27.    Jones, Johnson, and Am-Rad were constantly reassured by Simonton and Ross that any enhancements of or improvements to the Am-Rad Flash-Free Thermal Plastic Welding System were going to be placed into the joint venture between the parties pursuant to the terms of the License Agreement.

28.    Instead of forming the joint venture and placing the Simonton patent applications in said joint venture, Ross caused Simonton to secretly file applications for its own patents to the exclusion of Millennium, Jones, Johnson, Am-Rad, and the joint venture.

7

29.     In 2006, Simonton and Ross used Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information in order to sell certain entities and assets owned or controlled by Ross to Fortune Brands. Simonton and Ross' unlawful and improper use of Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information allowed Ross to sell those entities and assets (each owned and controlled by him) to Fortune Brands for approximately $630 million – much more than Ross would have received had he not illegally and improperly used Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information.

## COUNT I – BREACH OF FIDUCIARY DUTY

30.     Plaintiffs adopt the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31.     Ross breached his fiduciary duty to Plaintiffs and abused his position of trust and confidence for his own personal gain as set forth hereinabove.

32.     As a direct and proximate result of Ross' breach of fiduciary duties, Plaintiffs have been damaged and will continue to be damaged and Ross was able to sell certain entities and assets owned and controlled by him to Fortune Brands for a price much higher than he would have received had he not breached his fiduciary obligations to Plaintiffs by illegally and improperly using Plaintiffs Confidential and Trade Secret Information in the course of the transaction.

33.     Ross' conduct was malicious, vindictive, outrageous, and are a willful and wanton invasion of Plaintiffs' rights, sufficient to impose an award of punitive damages.

8

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

34.    Plaintiffs adopt the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35.    Ross requested that Plaintiffs provide Confidential and Trade Secret Information to him and Simonton in connection with the research, production, and development of the Am-Rad Flash-Free Thermal Plastic Welding System. Ross and Simonton also requested that Plaintiffs enter into a fiduciary relationship with him and Simonton by jointly developing and exploiting the technology.

36.    Plaintiffs supplied Confidential and Trade Secret Information to Ross and Simonton and likewise supplied their services, including their time, information, and efforts to jointly develop the technology.

37.    Fair and reasonable value for such Confidential Trade Secret Information and efforts to develop the technology exceed the present value of the cost savings to Simonton, (which Ross recognized in connection with the sale of his entities and assets to Fortune Brands) which is many millions of dollars per year for an indefinite period of time.

38.    Ross and Simonton appreciated, acknowledged, and accepted the benefits of Confidential and Trade Secret Information received from Plaintiffs and the efforts of Plaintiffs to develop the technology, and then stole the information, breached their fiduciary duties, filed for their own patents exploiting the very same welding system, including enhancements and/or improvements thereto, and used the technology in order to sell Ross' entities and/or assets to Fortune Brands for a significantly increased price.

9

CC 2006352v1

39.     The benefits Plaintiffs conferred upon Ross and Simonton were not gratuitous. It would be inequitable to allow Ross to retain the benefits conferred upon him and Simonton by Plaintiffs without paying Plaintiffs the fair value thereof.

40.     Ross has been unjustly enriched in the amount of the fair and reasonable value of the benefits given to or accepted by him, including but not limited to Plaintiffs' Confidential and Trade Secret Information, Plaintiffs' services and efforts to develop the technology, the technology itself, and the increased value Ross received in the sale of his entities and assets to Fortune Brands on account of this technology.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief from this Court:

A.     A judgment in their favor and against Defendant on all Counts;

B.     An award of their damages in an amount to be proven at trial together with interest at the maximum legal rate. Such damages shall include, among other things, the disgorgement of any profits received by Ross with regard to the sale of certain entities and assets owned or controlled by him to Fortune Brands as a result of his improper and illegal use of Jones', Johnson's, Am-Rad's, and Millennium's confidential and trade secret information;

C.     An award of punitive damages against Defendant on Count I of Plaintiffs' Complaint;

D.     An award of pre-judgment interest; and

E.     Such other and further relief as the Court deems just and proper.

10

## JURY TRIAL DEMAND

To the extent available, Plaintiffs demand a jury trial on all claims so triable.

Respectfully submitted,

**JACKSON KELLY PLLC**

By: _____ 05.14.08

Charles J. Crooks (WV Bar # 4633)
150 Clay Street, Suite 500
Morgantown, W.Va. 26505
304-284-4111 telephone
304-284-4142 facsimile
ccrooks@jacksonkelly.com

and by:

### LATHROP & GAGE, LC

Leonard Rose, Mo Bar #18108
*(Pro Hac Vice Motion to be Filed)*
Amy Loth Allen, Mo Bar #52223
*(Pro Hac Vice Motion to be Filed)*
Jed D. Reeg, Mo #47542
*(Pro Hac Vice Motion to be Filed)*
2345 Grand Blvd., Ste. 2800
Kansas City, MO 64106
Telephone: 816-292-2000
Fax: 816-292-2001
lrose@lathropgage.com
aallen@lathropgage.com

ATTORNEYS FOR PLAINTIFFS

11

CC 2006352v1