IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MILLENIUM MARKETING GROUP,
LTD, ORIN S. JOHNSON, GARY
A. JONES, and AM-RAD, INC.,

      Plaintiffs,

v.

SAMUEL B. ROSS, II,

      Defendant.

CIVIL ACTION NO. 08-CV-2792

## ANSWER

Defendant Samuel B. Ross, II, by and through his counsel, Schiff Hardin, LLP, for his answer and defenses to the Complaint in the above-captioned action, alleges as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 1 relating to Plaintiff Millennium Marketing Group, Ltd.'s state of incorporation and agency.

2. Upon information and belief, defendant admits the allegations contained in Paragraph 2 as to Plaintiff Orin S. Johnson being a resident of Minnesota.

3. Upon information and belief, defendant admits the allegations contained in Paragraph 3 as to Plaintiff Gary A. Jones being a resident of Minnesota.

4. Upon information and belief, defendant admits the allegations contained in Paragraph 4 as to Plaintiff Am-Rad, Inc.'s state of incorporation and place of business.

5. Defendant denies the allegation in Paragraph 5 that Defendant is a resident of West Virginia.

6. Upon information and belief, defendant denies the allegations in Paragraph 6 that this Court has subject matter and personal jurisdiction.

7. Upon information and belief, defendant denies the allegation in Paragraph 7 that venue is proper in this District.

8. Upon information and belief, defendant admits the allegation in Paragraph 8 regarding Plaintiff's receipt of the "720 Patent."

9. Upon information and belief, defendant admits the allegation in Paragraph 9 regarding Plaintiff's receipt of the "447 Patent."

10. Upon information and belief, defendant admits that the patents were assigned to Am-Rad as alleged in Paragraph 10.

11. Upon information and belief, defendant admits the allegations in Paragraph 11. However, defendant further states that the technology did not work as designed and needed to be perfected.

12. Upon information and belief, defendant admits the allegations in Paragraph 12. However, defendant further states that the technology did not work as designed and needed to be perfected.

13. Upon information and belief, defendant denies the allegations in Paragraph 13 that Simonton was owned and controlled by Defendant Ross.

14. Defendant admits the allegation in Paragraph 14 that a "Non-Disclosure and Non-Use Agreement" was entered into on April 8, 2004, and otherwise states that the document speaks for itself as to its terms. Defendant denies all other allegations in said Paragraph 14.

15. Defendant admits the allegation in Paragraph 15 that a "License Agreement" was entered into on November 21, 2004, and otherwise states that the document speaks for itself as to its terms. Defendant denies all other allegations in said Paragraph 15.

16. Defendant admits the existence of the License Agreement referred to in Paragraph 16 but states that the document otherwise speaks for itself. Defendant denies all other allegations in said Paragraph 16.

17. Upon information and belief, defendant denies all allegations in Paragraph 17 suggesting any fiduciary relationship or common law partnership was created by the Licensing Agreement and Non-Use Agreement or by any other means, and denies as well any intent or actions to go into business together and denies any intent or actions to jointly exploit the patents and technology.

18. Upon information and belief, defendant denies all allegations in Paragraph 18 suggesting any fiduciary relationship was created by the Licensing Agreement and Non-Use Agreement or by any other means, and denies all other allegations in Paragraph 18.

19. With regard to the allegations in Paragraph 19, Ross denies that he "fostered and nurtured the feelings of trust and confidence and the notion that Jones, Johnson, Am-Rad, Simonton, and Ross were 'in it together' and were partners." Defendant is otherwise without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said Paragraph 19 regarding Plaintiffs activities.

20. Upon information and belief, defendant denies the allegations in Paragraph 20 that Plaintiffs reposed trust and confidence in Simonton and Ross to help develop technology.

21. Defendant admits the allegations in Paragraph 21 regarding the "Method & Apparatus for Window Manufacture" Patent, except that defendant denies that he caused the patent application to be filed.

22. Upon information and belief, defendant denies the allegations in Paragraph 22 regarding the application for a "Fenestrations Product and Method Apparatus for Manufacture" Patent.

23. Defendant admits the existence of the License Agreement referred to in Paragraph 23 and otherwise states that the document speaks for itself. Defendant denies each and every other allegation in Paragraph 23.

24. Upon information and belief, defendant denies the allegation in Paragraph 24 that the Simonton Patent Applications disclose and propose claims that are enhancements or improvements to the Am-Rad Flash-Free Thermoplastic Welding System and denies that the Simonton Patent Applications violate the terms of the License Agreement.

25. Upon information and belief, defendant denies the allegation in Paragraph 25 that Fortune Brands acquired certain Simonton entities and assets controlled by Defendant Ross, and denied that on numerous occasions Ross traveled to Fortune Brands' headquarters in Deerfield, IL in order to facilitate the transaction.

26. Upon information and belief, defendant denies the allegation in Paragraph 26 that he or Simonton had any fiduciary duties to Jones, Johnson, AmRad, and Millennium and denies all other allegations in Paragraph 26 referencing a sale of assets to Fortune Brands.

27. Upon information and belief, defendant denies the allegation in Paragraph 27 that Simonton and Ross ever agreed to a joint venture regarding enhancements of or improvements to the Am-Rad Flash-Fee Thermal Plastic Welding System.

28. Upon information and belief, defendant denies the allegation in Paragraph 28 that Ross and Simonton ever agreed to form a joint venture and denies all other allegations in Paragraph 28.

29. Upon information and belief, defendant denies the allegation in Paragraph 29 that Simonton and Ross ever used Jones', Johnson's, Am-Rad's, and Millennium's Confidential and Trade Secret Information in order to sell certain entities and assets owned or controlled by Ross to Fortune Brands, and denies all other allegations in Paragraph 29.

30. With regard to Paragraph 30 of Count I of the Complaint, defendant adopts and incorporates by reference its answers to Paragraphs 1-29 (Paragraphs 1-29 herein).

31. Upon information and belief, defendant denies the allegation in Paragraph 31 that Ross had or breached a fiduciary duty to Plaintiffs, and denies that he had or abused a position of trust and confidence with Plaintiffs for his own personal gain.

32. Upon information and belief, defendant denies the allegation in paragraph 32 that Plaintiffs have been damaged by any conduct of Defendant, denies that he had or breached any fiduciary relationship, and denies all other allegations in Paragraph 32.

33. Upon information and belief, defendant denies all allegations in Paragraph 33 as to his conduct, denies any invasion of Plaintiffs' rights, and denies any liability for any damages.

34. With regard to Paragraph 34, defendant adopts and incorporates by reference its answers to Paragraphs 1-33 (Paragraphs 1-33 herein).

35. Upon information and belief, defendant denies the allegation in Paragraph 35 that he requested that Plaintiffs provide Confidential and Trade Secret Information to him and Simonton in connection with the research, production, and development of the Am-Rad Flash-Free Thermal Plastic Welding System, and he denies that he requested that Plaintiffs enter into a fiduciary relationship with him and Simonton for jointly developing and exploiting the technology.

36. Upon information and belief, defendant denies the allegation in Paragraph 36 that Plaintiffs supplied Confidential and Trade Secret Information to Ross and Simonton, and also denies that Plaintiffs supplied their services, including their time, information, and efforts to jointly develop the technology.

37. Upon information and belief, defendant denies the allegation in Paragraph 37 that there was any value for such Confidential Trade Secret Information, and denies that there were any cost savings to Simonton, and he denies that any value was realized in connection with the sale of assets to Fortune Brands.

38. Upon information and belief, defendant denies the allegation in Paragraph 38 that he stole information, denies that he had or breached fiduciary duties, denies he filed patents exploiting the very same welding system, denies that he used the technology in order to sell

assets to Fortune Brands for a significantly increased price, and he denies all other allegations in Paragraph 38.

39.     Upon information and belief, defendant denies the allegation in Paragraph 39 that he received any benefit from Plaintiffs and he denies all other allegations in Paragraph 39.

40.     Upon information and belief, defendant denies the allegation in Paragraph 40 that he has been unjustly enriched in any respect and he denies all other allegation in Paragraph 40.

### SECOND DEFENSE

The Court lacks personal jurisdiction over this defendant.

### THIRD DEFENSE

The Court lacks jurisdiction over the subject matter of this civil action.

### FOURTH DEFENSE

Defendant asserts the defense of insufficiency of service of process.

### FIFTH DEFENSE

Venue is improper in this court.

### SIXTH DEFENSE

Plaintiffs' claims herein are identical to claims that Plaintiffs have asserted in an action files against this Defendant in the United States District Court for the Southern District of West Virginia entitled, *"MILLENIUM MARKETING GROUP, LTD, ORIN S. JOHNSON, GARY A. JONES, and AM-RAD, INC., v. Samuel B. Ross, II, Case No. 6:08-0313,"* and all of Plaintiffs' claims made in this action are presently being determined in proceedings in the United States District Court for the Southern District of West Virginia.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

The Complaint is insufficient under Rule 19 of the Federal Rules of Civil Procedure in that it fails to join parties in the absence of which complete relief cannot be accorded among those already parties.

**NINTH DEFENSE**

The Complaint is insufficient under Rule 19 of the Federal Rules of Civil Procedure in that it fails to join parties with an interest relating to the subject matter of the action who are so situated that the disposition of this action in such parties' absence may impair their ability to protect their interests, or leave the defendant subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

**THIRTEENTH DEFENSE**

As the Complaint concedes, defendant was not a party to the Licensing Agreement or the Non-Disclosure and Non-Use Agreement, which are alleged to have created the fiduciary duty on which the Complaint is based.  Therefore, plaintiffs' claims, if any, are properly against parties other than defendant.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are or may be barred by the doctrine of res judicata and/or estoppel.

**FIFTEENTH DEFENSE**

The injuries and damages of which plaintiffs complain, if any, were caused by acts, omissions or faults of others, and not by defendant.

**SIXTEENTH DEFENSE**

Defendant entered into no contract or agreement with any plaintiff and had no fiduciary duty to any plaintiff.

**SEVENTEENTH DEFENSE**

To the extent that the plaintiffs' complaint asserts or alleges that plaintiffs are entitled to recover punitive or exemplary damages from the defendant, then defendant asserts the following defenses:

1. Plaintiffs' claims for punitive damages violate, and they are therefore barred by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants in this and other civil actions for the same alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(g) the award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law;

(h) the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty; and

(i) the procedures pursuant to which punitive damages are awarded purportedly encompass the extraterritorial conduct of the defendant, being the defendants' conduct which may have occurred beyond the boundaries of the State of Illinois.

2.     Plaintiffs' claim for punitive damages is allegedly based upon the law of Illinois and West Virginia and as such, violates and is, therefore, barred by the applicable provisions of the Constitution of the State of Illinois and the Constitution of the State of West Virginia, on grounds including but not limited to the following:

(a)     it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants in this and other civil actions for the same alleged acts of wrongdoing;

(c)     the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(g) the award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law; and

(h) the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

3. Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in State Farm Mut. *Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003).

June 24, 2008

**SCHIFF HARDIN LLP**

/s/ David C. Scott
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (fax)
dscott@schiffhardin.com

Attorneys for Defendant
Samuel B. Ross, II

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**MILLENIUM MARKETING GROUP,**
**LTD, ORIN S. JOHNSON, GARY**
**A. JONES, and AM-RAD, INC.,**

      **Plaintiffs,**

v.                                  **CIVIL ACTION NO. 08-CV-2792**

**SAMUEL B. ROSS, II,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant(s):

        Lawrence M. Templer, Esquire
        Jolivette & Templer, P.C.
        10 S. LaSalle Street, Suite 1017
        Chicago, Illinois 60603

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant(s):

        Leonard Rose, Esquire
        Amy Loth Allen, Esquire
        Jed D. Reeg, Esquire
        Lathrop & Gage, L. C.
        2345 Grand Boulevard, Suite 2800
        Kansas City, MO 64106

                                            /s/ David C. Scott
                                            David C. Scott

NY\50356350.1